ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :     **SUPERSEDING INDICTMENT**

            - v. -                :     S1 19 Cr. 277 (JSR)

LARRY WHITE,                      :

            Defendant.           :

- - - - - - - - - - - - - - - - - x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____ JUL 0 1 2019
DATE FILED: _____

**COUNT ONE**
**(Racketeering Conspiracy)**

The Grand Jury charges:

### The Enterprise

1.    At all times relevant to this Indictment, LARRY
WHITE, the defendant, and others known and unknown, were members
and associates of the Bully Gang ("Bully Gang" or the
"Enterprise"), a criminal organization whose members and
associates engaged in, among other activities, acts involving
robbery, arson, and narcotics trafficking.  Bully Gang operated
in and around Manhattan, the Bronx, Queens, and Brooklyn, New
York.

2.    Bully Gang, including its leadership, its
membership, and its associates, constituted an "enterprise," as
that term is defined by Title 18, United States Code, Section
1961(4), that is, a group of individuals associated in fact,
although not a legal entity.  The Enterprise constituted an

ongoing organization whose members functioned as a continuing
unit for a common purpose of achieving the objectives of the
Enterprise. At all times relevant to this Indictment, the
Enterprise was engaged in, and its activities affected,
interstate and foreign commerce. LARRY WHITE, the defendant,
participated in the operation and management of the Enterprise
and participated in unlawful and other activity in furtherance
of the conduct of the Enterprise's affairs.

3.     Members and associates of Bully Gang sold heroin,
cocaine, and marijuana in and around Manhattan, Brooklyn,
Queens, and the Bronx, New York.

4.     Members and associates of Bully Gang committed
and agreed, attempted, and threatened to commit acts of violence
to protect and expand their Enterprise. These acts of violence
included acts involving robbery, assault, and arson intended
either to enrich members of the Enterprise, retaliate against
victims who cooperated with law enforcement, or to otherwise
promote the standing and reputation of Bully Gang.

### Purposes of the Enterprise

5.     The purposes of the Enterprise included the
following:

a.     Preserving and protecting the power,
territory, and profits of the Enterprise through acts involving
robbery, arson, assault, and threats of violence.

2

b.    Promoting and enhancing the Enterprise and the activities of its members and associates.

c.    Keeping victims and potential victims in fear of the Enterprise and its members and associates through acts and threats of violence.

d.    Providing assistance to members and associates who committed crimes for and on behalf of the gang.

e.    Enriching the members and associates of the Enterprise through, among other things, robbery and the distribution and sale of narcotics, including heroin, cocaine, and marijuana.

f.    Protecting the Enterprise and its members and associates from detection and prosecution by law enforcement authorities through acts of intimidation and violence against potential witnesses to crimes committed by members of the Enterprise.

## Means and Methods of the Enterprise

6.    Among the means and methods employed by the members and associates in conducting and participating in the conduct of the affairs of the Enterprise were the following:

a.    Members and associates of the Enterprise committed, conspired, attempted, and threatened to commit acts of violence, including robbery and arson, to protect and expand the Enterprise's criminal operations.

b.      Members and associates of the Enterprise
committed, conspired, attempted, and threatened to commit acts
of violence, including acts involving robbery, arson, and
assault against other individuals adverse to the Enterprise.

c.      Members and associates of the Enterprise
promoted and celebrated, on social media, the criminal conduct
of the Enterprise, namely narcotics distribution, acts involving
violence, and the use of firearms.

d.      Members and associates of the Enterprise
obtained, possessed, and used firearms.

e.      Members and associates of the Enterprise
distributed controlled substances, including heroin, cocaine,
and marijuana.

### The Racketeering Conspiracy

7.      From at least in or about 2018, up to and
including in or about June 2019, in the Southern District of New
York and elsewhere, LARRY WHITE, the defendant, and others known
and unknown, being persons employed by and associated with the
Enterprise described in Paragraphs 1 through 6 of this
Indictment, namely, Bully Gang, which enterprise engaged in, and
the activities of which affected, interstate and foreign
commerce, knowingly combined, conspired, confederated, and
agreed together and with each other to violate the racketeering
laws of the United States, to wit, Section 1962(c) of Title 18,

4

United States Code, that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of Bully Gang through a pattern of racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of:

a. multiple acts involving robbery, chargeable under the following provisions of state law: New York Penal Law Sections 160.00, 160.05, 160.10, 160.15 (robbery), 105.05, 105.10 (conspiracy), 110.00 (attempt), and 20.00 (aiding and abetting);

b. multiple acts indictable under Title 18, United States Code, Section 1951 (relating to the interference with commerce, robbery, or extortion), and Title 18, United States Code, Section 2; and

c. multiple offenses involving the distribution of controlled substances, including, heroin, cocaine, and marijuana in violation of laws of the United States, namely Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(C), and 846, and Title 18, United States Code, Section 2.

8. It was a part of the conspiracy that the defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the Enterprise.

(Title 18, United States Code, Section 1962(d).)

**COUNT TWO**
**(Violent Crime in Aid of Racketeering – January 3, 2019)**

The Grand Jury further charges:

9.   At all times relevant to this Indictment, Bully Gang, as described in paragraphs 1 through 6 of Count One of this Indictment, which are repeated and incorporated by reference as though fully set forth herein, including its leadership, members, and associates, constituted an enterprise, as that term is defined in Title 18, United States Code, Section 1959(b)(2), that is, an association in fact of individuals which engaged in, and the activities of which affected, interstate and foreign commerce. The Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

10.   At all times relevant to this Indictment, Bully Gang, through its members and associates, engaged in racketeering activity, as that term is defined in Title 18, United States Code, Sections 1961(1) and 1959(b)(1), namely acts involving robbery, in violation of New York Penal Law, acts indictable under Title 18, United States Code, Section 1951, and offenses involving narcotics trafficking, in violation of Title 21, United States Code, Sections 812, 841, and 846.

11.   On or about January 3, 2019, in the Southern

6

District of New York and elsewhere, LARRY WHITE, the defendant, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from Bully Gang, and for the purpose of gaining entrance to and maintaining and increasing position in Bully Gang, an enterprise engaged in racketeering activity, as described above, knowingly assaulted individuals with a dangerous weapon, and aided and abetted the same, to wit, WHITE participated in the armed robbery of a drug dealer in the vicinity of 111th Street and 2nd Avenue in Manhattan, in violation of New York Penal Law, Sections 120.10 and 20.00.

(Title 18, United States Code, Sections 1959(a)(3) and 2)

## COUNT THREE
### (Firearms Use – January 3, 2019)

The Grand Jury further charges:

12.   On or about January 3, 2019, in the Southern District of New York, LARRY WHITE, the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the violent crime in aid of racketeering charged in Count Two of this Indictment, knowingly used and carried a firearm, and in furtherance of such crime, possessed a firearm, and aided and abetted the use, carrying, and possession of a firearm, which was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i),(ii) and 2.)

7

## COUNT FOUR
### (Hobbs Act Conspiracy)

The Grand Jury further charges:

13.  Between in or about 2015 and in or about March 2019,
in the Southern District of New York and elsewhere, LARRY WHITE,
the defendant, and others known and unknown, knowingly did combine,
conspire, confederate, and agree together and with each other to
commit robbery, as that term is defined in Title 18, United States
Code, Section 1951(b)(1), and would and did thereby obstruct,
delay, and affect commerce and the movement of articles and
commodities in commerce, as that term is defined in Title 18,
United States Code, Section 1951(b)(3), to wit, WHITE and others
conspired to commit robberies of drug dealers in Manhattan and the
Bronx.

(Title 18, United States Code, Sections 1951 and 2.)

## COUNT FIVE
### (Hobbs Act Robbery - December 31, 2015)

The Grand Jury further charges:

14.  On or about December 31, 2015, in the Southern
District of New York, LARRY WHITE, the defendant, knowingly did
commit robbery, as that term is defined in Title 18, United States
Code, Section 1951(b)(1), and did thereby obstruct, delay, and
affect commerce and the movement of articles and commodities in
commerce, as that term is defined in Title 18, United States Code,

8

Section 1951(b)(3), and did aid and abet the same, to wit, WHITE participated in the robbery of a drug dealer in the vicinity of 169th Street and 3rd Avenue in the Bronx.

(Title 18, United States Code, Section 1951.)

## COUNT SIX
## (Firearms Use – December 31, 2015 Hobbs Act Robbery)

The Grand Jury further charges:

15.   On or about December 31, 2015, in the Southern District of New York, LARRY WHITE, the defendant, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the robbery charged in Count Five of this Indictment, knowingly used and carried a firearm, and in furtherance of such crime, possessed a firearm, and aided and abetted the use, carrying, and possession of a firearm, which was brandished.

(Title 18, United States Code, Sections 924(c)(1)(A)(i),(ii) and 2.)

## COUNT SEVEN
## (Narcotics Conspiracy)

The Grand Jury further charges:

16.   From at least in or about 2016, up to and including in or about 2018, in the Southern District of New York and elsewhere, LARRY WHITE, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire,

9

confederate, and agree together and with each other to violate the narcotics laws of the United States.

17. It was a part and an object of the conspiracy that LARRY WHITE, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances, in violation of Title 21, United States Code, Section 841(a)(1).

18. The controlled substances that LARRY WHITE, the defendant, conspired to distribute and possess with intent to distribute were: (i) mixtures and substances containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(b)(1)(C); and (ii) mixtures and substances containing a detectable amount of marijuana, in violation of Title 21, United States Code, Section 841(b)(1)(D).

(Title 21, United States Code, Section 846.)

## COUNT EIGHT
### (Firearms Use - Narcotics Conspiracy)

The Grand Jury further charges:

19. From at least in or about 2016, up to and including in or about 2018, in the Southern District of New York and elsewhere, LARRY WHITE, the defendant, during and in

10

relation to a narcotics trafficking crime for which he may be prosecuted in a court of the United States, namely, the narcotics conspiracy charged in Count Seven of this Indictment, knowingly did use and carry firearms, and, in furtherance of such crime, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, some of which were brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), (ii), (iii), and 2.)

## COUNT NINE
### (Arson)

The Grand Jury further charges:

20. On or about January 14, 2019, in the Southern District of New York, LARRY WHITE, the defendant, knowingly and maliciously did damage and destroy, and attempt to damage and destroy, by means of fire and explosive, a vehicle used in interstate and foreign commerce and in activity affecting interstate and foreign commerce, to wit, WHITE set two vehicles on fire in Manhattan.

(Title 18, United States Code, Section 844(i).)

FOREPERSON

GEOFFREY S. BERMAN LBS
United States Attorney

11

Form No. USA-33s-274 (Ed. 9-25-58)

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

**UNITED STATES OF AMERICA**

**- v. -**

**LARRY WHITE**

**Defendant.**

**INDICTMENT**

S1 19 Cr. 277 (JSR)

(18 U.S.C. §§ 844, 924, 1951, 1959,
1962, and 2; 21 U.S.C. § 846.)

GEOFFREY S. BERMAN
United States Attorney.

A TRUE BILL

Foreperson.