UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, v. LARRY WHITE, Defendant. | : | 19-cr-277 (JSR) ORDER |

JED S. RAKOFF, U.S.D.J.

Defendant Larry White was arraigned on the second superseding indictment on August 19, 2020. Following arraignment, defense counsel indicated that he would like to request funding for his paralegal. He also indicated that he did not need to request funding for an investigator at that time, but that he might in the future. The Court instructed defense counsel to submit a written application, including a cap on the total amount sought.

On September 18, 2020, defense counsel submitted a letter requesting funding for (1) a paralegal, (2) an investigator, (3) a DNA expert, and (4) a cell site forensic analyst. The letter did not specify the hourly rate sought, or a total cap on the fees sought for any of these four individuals. It did not list their qualifications. And the letter did not even identify by name the proposed cell site expert. *See* ECF No. 51, at 2 ("Counsel's previous expert in this scientific area, Jerry Grant, has indicated that he is currently unavailable but would be willing to refer a

colleague to substitute for himself in this arcane area of evidence.")

On Monday, September 21, in a teleconference before the Court, the Court asked what hourly rates defense counsel sought. He responded that he sought the "court's standard rates" for experts of this sort. The Court also noted that defense counsel had not stated the qualifications of these individuals. Defense counsel promised to send the resumes to Chambers later that day. Defense counsel submitted the resumes for Gregory Rheubottom (paralegal), Kevin Hinkson (investigator), and Dr. Lawrence Kobilinsky (proffered as a DNA expert).

Based upon previously submitted financial materials, and the fact that White has been incarcerated since his arrest in this case, the Court determines that White remains indigent. Although the defense failed to provide either a cap or an hourly rate for any of these three individuals, based upon the Court's independent research, it has determined what it believes to be a reasonable rate for them.

For present purposes, the Court finds Mr. Rheubottom, Mr. Hinkson, and Dr. Kobilinsky sufficiently qualified, and the Court concludes, pursuant to Ake v. Oklahoma, 470 U.S. 68 (1985) and its progeny, that the United States must provide reasonable funding for White to retain these individuals as "basic tools of an adequate defense." *Id.* at 77.

Mr. Rheubottom shall be compensated at a rate of $75 per hour, for no more than 100 hours.

Mr. Hinkson shall be compensated at a rate of $110 per hour, for no more than 50 hours.

Dr. Kobilinsky shall be compensated at a rate of $200 per hour, for no more than 20 hours.

Should it become necessary for any of these individuals to expend more time on this case than the cap specified herein, defense counsel must submit a written application for an increase, demonstrating with specificity the need for said increase, and stating with specificity the new cap on hours that defense counsel proposes.

The request for funding for a (yet unidentified) cell site forensic analyst is denied, without prejudice to renewal if defense counsel identifies a qualified expert and demonstrates that such an expert should be deemed a "basic tool[] of an adequate defense."

Defense counsel must register with, and submit requests for payment through, the e-voucher system maintained by the Criminal Justice Act docket clerks.

SO ORDERED.

Dated: New York, NY
September 24, 2020

JED S. RAKOFF, U.S.D.J.